## COMMONWEALTH *vs.* DUNBAR EASTMAN.

It is no ground for arresting judgment on an indictment for stealing several articles of personal property, that some of the articles are insufficiently described.

INDICTMENT for stealing " one bank bill of the denomination of one hundred dollars, and of the value of one hundred dollars, one gold half eagle of the value of five dollars, and one wallet of the value of fifty cents, of the goods and chattels of one Daniel Carter."

The defendant, being tried in the court of common pleas, at June term 1854, and found guilty, moved in arrest of judgment, because of the insufficiency of the indictment. 1. " Because the instrument therein alleged to have been stolen is described as a 'bank bill,' and not as a bank note." 2. " Because the property, therein alleged to have been stolen, is described as the ' goods and chattels' of one Daniel Carter." But *Mellen*, C. J. overruled this motion; and the defendant alleged exceptions.

*F. F. Heard,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

MERRICK, J. The defendant relies, in support of his motion in arrest of judgment, upon the supposed imperfections, misdescriptions and erroneous averments in the indictment, which he has particularly pointed out as causes sufficient to entitle him to claim its allowance. But upon examination of the indictment, it appears that the objections to it, which are thus relied on, have relation, not to the whole of it, but only to the allegations concerning a part of the property which is alleged in it to have been stolen. For this reason, it is unnecessary now to determine how far it is affected by these objections, because, if it should be adjudged that they are well founded, and should, when urged at a different stage of the proceedings, be allowed to prevail, they are insufficient here to stay or prevent the rendition of a proper judgment. For if it be true, that the indictment, in the particulars suggested, is imperfect and defective, and does not in apt and pertinent terms legally accuse the

defendant of stealing the bank bill or gold half eagle mentioned in it, it is not on that account wholly ineffectual and void. ` The allegations concerning those articles, if they are insufficient to constitute or to express a legal accusation, may be rejected as surplusage; and it will then stand good as containing a charge for stealing a wallet, of the goods and chattels of Daniel Carter. In reference to this part of the indictment, no objection is made, and its allegations appear to be perfectly accurate and correct. *Commonwealth* v. *Tuck*, 20 Pick. 356. *Commonwealth* v. *Hope*, 22 Pick. 1.

Whatever opinion therefore may be entertained concerning the sufficiency of the different allegations in the indictment, and whether the defendant is to be considered as having been found guilty of stealing the whole or only a part of the property named in it, it is obvious that in either case a judgment must be rendered upon the verdict. The conviction is certainly right; and the only remaining question is, what is the sentence which is thereupon to be awarded. The degree of punishment depends absolutely, within certain limits, upon the amount or value of the property, which the convicted party has been found guilty of stealing. Rev. Sts. *c.* 126, § 17. It will be the duty of the court therefore, in order that the sentence may be that which is warranted by law, before entering a final judgment, to consider and determine upon the effect of the allegations in the indictment, and in this way to ascertain the crime of which the accused party has been convicted. The decision thus to be made, is undoubtedly of much importance to the defendant. But we are to presume that no other than a legal judgment will be rendered; and it is scarcely necessary to add that if any error in relation to it should occur, the law would afford effectual relief against its consequences.

*Exceptions overruled.*